UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE BARTZ,<br><br>           Plaintiff,<br><br>  vs.<br><br>MAGGIE MILLER-STOUT,<br><br>           Defendant. | NO.  CV-08-272-CI<br><br>REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE |

    By Order filed October 6, 2008, the court advised Mr. Bartz of the deficiencies of his initial complaint and directed him to amend or voluntarily dismiss within sixty (60) days (Ct. Rec. 7).  Plaintiff, a prisoner at the Airway Heights Correction Center, is proceeding *pro se* and has paid the full filing fee; Defendant has not been served.

    On December 15, 2008, the court granted Mr. Bartz additional time, until February 6, 2008, to either amend or voluntarily dismiss his complaint.  Plaintiff did not comply and he has filed nothing further in this action.

    Plaintiff initiated this action claiming unlawful withdrawals were taken from his military retirement payments.  He stated these payments were dispersed under the Federal Employees' Retirement System and sent to him at the Airway Heights Correction Center by his daughter.  Although not stated in the complaint, it appears the state

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE - 1

mandated deductions set forth in RCW 72.09.480 were then applied to these funds.  Plaintiff contends his military retirement payments are exempt by some unidentified "Federal Law" from such deductions.

In a class action lawsuit in the Western District of Washington, *Wright v. Riveland*, 95-CV-05381-FDB, it was determined the following funds are exempt from deductions made pursuant to R.C.W. 72.09.480: Veteran's Administration benefits received under 38 U.S.C. § 5301(a); Social Security benefits received under 42 U.S.C. § 407(a); proceeds from civil rights action filed pursuant to 42 U.S.C. § 1983; and certain funds distributed to Native Americans under 25 U.S.C. §§ 410, 1401-07, and 43 U.S.C. § 1606(h).  The court found ERISA benefits are **not** exempt from R.C.W. 72.09.480 and class members had the burden to demonstrate any funds received are exempt from the deductions made pursuant to R.C.W. 72.09.480. (Ct. Rec. 148 of 95-CV-05381-FDB).

Subsequently, the Honorable James L. Robart, United States District Judge for the Western District of Washington, dismissed with prejudice similar claims to those raised by Mr. Bartz in cause number 06-CV-1100-JLR-JPD.  The court recognized only the following as exempt deposit types: tribal funds protected by federal law or court order, veteran's and social security disability benefits when received directly from the federal agency, and proceeds from law suits filed under § 1983. (Report and Recommendation, Ct. Rec. 40 at page 3 of 06-CV-1100-JLR-JPD, adopted by Order filed September 21, 2007, Ct. Rec. 41).

Here, Mr. Bartz has presented no facts from which the court could infer the funds he receives as part of a military retirement pension,

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE - 2

and through his daughter, fall into any of the above listed categories. In light of the decisions from the Western District of Washington[1], Plaintiff's conclusory claim to a federal exemption, without more, does not state a cognizable claim under 42 U.S.C. § 1983.

Plaintiff was cautioned if he failed to amend to state a claim upon which relief could be granted, the complaint would be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Although granted the opportunity and more than four months to do so, Mr. Bartz has failed to amend his complaint to state a cognizable claim or to voluntarily dismiss. Therefore, **IT IS RECOMMENDED** the complaint be **DISMISSED without prejudice** and such dismissal count as one under 28 U.S.C. § 1915(g).

### OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within ten (10) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

---

[1]The orders, decrees and judgments of other courts are proper subjects of judicial notice. *Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 (9th Cir. 1995).

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE - 3

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Report and Recommendation and forward a copy to Plaintiff.

DATED February 9, 2009.


                              S/ CYNTHIA IMBROGNO
                       UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE - 4